THE STATE, THE MONMOUTH PARK ASSOCIATION, PROSE-CUTOR, v. THE STATE BOARD OF ASSESSORS.

A railroad not the property of a railroad company, and neither owned nor operated under a franchise by an individual or an unincorporated association, is not subject to taxation by the state board of assessors.

---

On various *certioraris* removing taxes assessed in the years 1890 to 1896, heard together, under stipulation.

Argued at February Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *R. W. de Forest.*

For the defendant, *John P. Stockton,* attorney-general.

The opinion of the court was delivered by

COLLINS, J.   At the time of the enactment of the General Railroad Tax law, in 1884, there was in existence a railroad of about a mile and a half in length, running from the New York and Long Branch railroad to the race-course of the Monmouth Park Association.   It was constructed upon the filed route of the Monmouth Park Railroad Company.   That company made return for it in the year 1884, and it was taxed in due course.   The next year no return was made, but the Monmouth Park Association, the present prosecutor, filed a protest claiming that the road was on its land and was its private property, not subject to railroad taxation.   Nevertheless, the state board continued to tax the road until and including the year 1889.   The taxes assessed were paid and are not now questioned.

In 1889 the association built a new grand-stand for its race-course.   The railroad was demolished and a new one was constructed to reach the new grand-stand.   This new road ran from a different point on the New York and Long Branch railroad and was entirely off the filed route of the Monmouth Park Railroad Company.   It is proved to have been constructed by the association on its own lands and under private right.   The association is a company formed under the General Corporation act.   Its object, as stated in its certificate of incorporation (as amended in 1887), was " to carry on exhibitions for the encouragement of competition in breed of stock and development of speed of horses."   It had no railroad franchise and could have none, for its organic law expressly excludes the formation thereunder of a railroad company except under conditions not pertinent to it.   *Gen. Stat., pp.* 946, 950, 969, *pl.* 189, 208, 292.

The state board of assessors, assuming the new railroad to be a substitution for the old one, taxed it with its appurtenances in the name of the Monmouth Park Railroad Company as railroad property used for railroad purposes, and such action is now before this court for review.

Writs of *certiorari* were promptly purchased, but, by consent, have not been pressed to hearing until now.   The taxes assessed in 1890 and 1891 were paid, but, within the spirit if not the letter of the Railroad Tax act, such payment presents no bar to relief.   *Gen. Stat., p.* 3333, *pl.* 240.

From 1890 to 1893, inclusive, the railroad taxed was used during the racing season by the two railroad companies that operated trains over the New York and Long Branch railroad.   These companies, under business arrangements with the association, sold tickets that included passage over the road and admission to the race-course and grand-stand.   At other times of the year the road was only used to send freight to the race-course when shipped to the association.   In 1893 the connecting-switch was removed, and since then the road has not been used at all.

Warrant for the taxes assessed is sought in "An act for the taxation of railroad and canal property," approved April 10th, 1884.   That act has been revised and amended, but, so far as the authority to tax is concerned, remains hitherto unchanged.   The mandate of this law, in the second section of the act, is that " all property of any railroad and of any canal company used for railroad or canal purposes shall be assessed by a state board of assessors," &c.   *Gen. Stat., p.* 3334, *pl.* 243.   This language is defined and enlarged by section 27 (now 23), which reads as follows:

" If any railroad or canal shall be owned or operated under a franchise by any individual or association not incorporated, the term ' company,' used in this act, shall apply to such owners or operators, and such property shall be assessed and taxed, under the provisions of this act, in the same manner as if operated by a company, and the persons operating or owning such railroad or canal shall make the returns required by this act to be made by companies."   *Gen. Stat., p.* 3332, *pl.* 234.

The " franchise" intended by this section is, of course, a franchise to own or operate a railroad or canal.   The element of such a franchise enters into the classification of the act.

Perhaps the legislature meant to include all cases of operation under such a franchise, and perhaps the use of the railroad in question by two railroad companies in the manner above mentioned may be considered as such operation; but if so the case is not covered by the act. This court cannot supply the omission, and the taxes under review must fall, for in no year involved was the property that was taxed the property of a railroad company or owned under a franchise to own or operate a railroad, or operated under such a franchise by any individual or association *not* incorporated.

The taxes under review are set aside, but, inasmuch as the state board of assessors represents the state, no costs can be awarded to the prosecutor.